UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>KEITH GORMAN,<br><br>       Debtor.<br><br>_____<br><br>BENSON LUMBER & HARDWARE, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>KEITH GORMAN,<br><br>       Defendant. | Chapter 11<br>Case No. 22-10563-BAH<br><br><br><br><br><br>Adv. Proc. No. _____ |

## COMPLAINT

Benson Lumber & Hardware, Inc. ("Benson" or the "Plaintiff"), by and through its attorneys, Sheehan Phinney Bass & Green PA, commences the instant adversary proceeding pursuant to 11 U.S.C. §§ 105 and 523 and Fed. R. Bankr. P. 7001 *et seq.*, and respectfully alleges:

I.     JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

2. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409.

{S2318222.4}

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (I), (J) and (O).

## II. PARTIES

A. The Plaintiff

4. Benson is a New Hampshire corporation with a principal office located at 6 Martin Street, Derry, New Hampshire.

B. The Defendant

5. Keith Gorman ("Mr. Gorman" or the "Debtor") is an individual debtor with a last known residential address of 167 Clement Road, Pelham, New Hampshire.

## III. FACTS

6. Benson is a supplier of construction materials and home improvement products. Benson operates stores in Derry, Londonderry, and Laconia, New Hampshire.

7. Southern End Realty, LLC ("SER") is a residential and commercial real estate development company based in Massachusetts.

8. On information and belief, SER is a family business operated by the Debtor and his father Frank Gorman and brother Bryan Gorman, and the Debtor is a manager of SER.

A. SER Credit Agreement

9. On or about January 17, 2011, SER executed an Application for Business Credit and Non-Consumer Credit Agreement with Benson ("SER Credit Agreement"). The SER Credit Agreement established a commercial line of credit account between SER and Benson. A true and correct copy of the SER Credit Agreement is attached hereto as **Exhibit A.**

10. The Debtor personally and unconditionally guaranteed the SER Credit Agreement.

Ex. A at §4.

11. The SER Credit Agreement provides that Benson will charge a late fee of 1.5% per month until the balance is paid in full. *Id*. at §3.

12. The SER Credit Agreement also provides that SER and the guarantors of the SER Credit Agreement are liable for all costs of collection, including reasonable attorneys' fees, if legal action is taken to enforce the SER Credit Agreement. *Id*. at §3.

13. Pursuant to the SER Credit Agreement, SER purchased and received goods from Benson.

14. SER purchased and received goods from Benson in the amount of $261,103.34 but has failed to pay for those goods.

15. As of the Debtor's petition date, the interest that has accrued amounts to $145,316.59, for a total outstanding amount under the SER Credit Agreement of $406,419.93.

B.  Promissory Note, Guaranty and Security Instruments

16. As a result of SER's defaults under the SER Credit Agreement, in or about early 2020, Benson and SER discussed SER's failure to make the necessary payments under the SER Credit Agreement. SER sought Benson's forbearance on enforcement and collection. In connection with these negotiations, Benson agreed to forbear on immediately enforcing the SER Credit Agreement and, in exchange, SER agreed to provide Benson with a promissory note, personal guaranties, and security instruments pertaining to $150,000 worth of the outstanding debt. The promissory note was secured by mortgages on three properties.

17. On or about February 14, 2020, SER executed a promissory note to Benson as holder of the Note, in the amount of $150,000 ("Promissory Note"). A true and correct copy of

the Promissory Note is attached hereto as **Exhibit B**.

18. The Promissory Note required payment in full to be made by May 14, 2020, with interest accruing upon a default. Ex. B.

19. The Promissory Note also provided for imposition of a 10% late fee for any required payment not received within ten days of being due, then interest will accrue at a default rate of 25% until the balance is paid in full. *Id.*, p.1.

20. SER agreed to pay any attorneys' fees and costs incurred by Benson in collecting under the Promissory Note following a default. *Id.*, p.2.

21. The parties understood and agreed that any payments made under the Promissory Note would be credited toward what was then owed under the SER Credit Agreement.

22. The Debtor signed the Promissory Note on SER's behalf. *Id.*, p.4.

23. In connection with the execution of the Promissory Note, the Debtor signed another personal guaranty dated February 14, 2020, in which he personally and unconditionally guaranteed any and all debts and obligations owed by SER to Benson (the "2020 Guaranty"). A true and correct copy of the 2020 Guaranty is attached hereto as **Exhibit C**.

24. Under the 2020 Guaranty, the Debtor waived any right to require Benson to proceed against SER or any collateral securing the Promissory Note prior to seeking enforcement of the 2020 Guaranty. Ex. C, p.3.

25. The 2020 Guaranty also provides that the Debtor agreed and is responsible to pay any reasonable attorneys' fees and costs incurred by Benson in collecting against SER or any guarantor, including the Debtor. *Id.*, pp.1-2.

26. To obtain Benson's agreement to forbear on collection activities, the Promissory

Note was secured by three condominium units in Lowell, Massachusetts that SER was constructing: 44 Highland Street, Units 1 and 2, and 42 Highland Street, Unit 1. *See* Ex. B.

27. Contemporaneously with executing the Promissory Note on February 14, 2020, SER also executed the following documents setting forth that security: (i) Mortgage and Security Instrument; (ii) Assignment of Leases and Rents; and (iii) Assignment of Plans, Purchase and Sales Agreements, Specifications and Approvals (collectively, the "Security Instruments"). *See* Ex. B., p. 2. True and correct copies of the Security Instruments are attached hereto as **Exhibit D**.

28. The Promissory Note provided that Benson would release its security interest in each of the condominium units upon payment by SER (with any accumulated interest) of the following amounts: (i) $30,000 for each of Units 1 and 2 at 44 Highland Street; and (ii) $90,000 for Unit 1 at 42 Highland Street, totaling the $150,000.00 principal amount of the Promissory Note. *See* Ex. B, p.1.

C. Debtor's Partial Payments

29. On or about March 20, 2020, as a result of sales of Units 1 and 2 at 44 Highland Street, two payments of thirty thousand dollars ($30,000.00) were made and applied to the Promissory Note and the SER Credit Agreement.

30. Pursuant to the Promissory Note, Benson executed and delivered partial releases of the Security Instruments regarding Units 1 and 2 at 44 Highland Street.

31. Other than the aggregate $60,000 paid in March of 2020, SER has not made any payments toward the Promissory Note or the SER Credit Agreement.

D. <u>Debtor's Fraudulent Actions</u>

32. There is a reason for SER's failure to make the final payment due under the Promissory Note. Unbeknownst to Benson, and despite SER's express representations in the Mortgage and Security Instrument (signed by the Debtor on SER's behalf) dated February 14, 2020, that it held a fee simple interest in Unit 1 at 42 Highland Street and had the power to grant a mortgage on that property, SER had already deeded that property to third parties for $360,000 on or about January 17, 2020.

33. The Debtor signed that January 2020 deed on behalf of SER. A true and correct copy of that deed is attached hereto as **Exhibit E**.

34. At no time during the negotiation of the Promissory Note and associated documents in February of 2020 did the Debtor inform Benson that SER had already sold one of the units upon which it was purporting to grant a security interest.

35. On information and belief, the Debtor did not disclose this information because he knew that doing so would negatively impact Benson's willingness to accept the Promissory Note. Instead, the Debtor deliberately misrepresented SER's ownership in order to fraudulently induce Benson to agreeing to forbear on collection activities against SER and the Debtor.

36. The Debtor thereby deceived Benson into forbearing collection actions against SER and the Debtor under the defaulted SER Credit Agreement.

37. On or about January 24, 2023, Benson timely filed a Proof of Claim in the Debtor's case, asserting an unsecured claim in the amount of not less than $406,419.93 on account of the Debtor's guaranty of the debt. A true and correct copy of the Proof of Claim is attached hereto as **Exhibit F**.

38.     Upon information and belief, a complaint alleging a similar fraudulent scheme (*i.e.*, conveying an interest in real property that SER had previously transferred) by SER and the Debtor was filed on or about November 2021 in Massachusetts Middlesex Superior Court in *Franks v. Southern End Realty, LLC et al.*, No. 2181CY4445.  A true and correct copy of that complaint is attached hereto as **Exhibit G**.

COUNT I

**NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM FOR DEBT OWED UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE**

39.     Benson restates and incorporates herein each and every allegation alleged in paragraphs 1 through and including 38 as if set out in full herein.

40.     Bankruptcy Code § 523 (a)(2)(A) provides, in relevant part, that:

(a)     A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2)     for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A)     false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ….

41.     As set forth above, through his false representations, the Debtor fraudulently induced Benson to accept the Promissory Note, Security Instruments, and the 2020 Guaranty in exchange for Benson's forbearance of collection actions under the defaulted SER Credit Agreement.

42.     The Debtor falsely represented that SER owned a property which he had in fact conveyed to a third-party, on behalf of SER, in the weeks prior to signing the Promissory Note,

Security Instruments and the 2020 Guaranty.

43. Through these false representations and fraud, the Debtor deceived Benson into forbearing collection actions against SER and the Debtor under the defaulted SER Credit Agreement. Benson relied on the Debtor's representations and has sustained significant loss and damage as a result.

44. All of the debt owed to Benson is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Section 523(a)(2)(A) of the Bankruptcy Code.

## COUNT II

### NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM FOR DEBT OWED UNDER SECTION 523(a)(2)(B) OF THE BANKRUPTCY CODE

45. Benson restates and incorporates herein each and every allegation alleged in paragraphs 1 through and including 44 as if set out in full herein.

46. Bankruptcy Code § 523 (a)(2)(B) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive ….

{S2318222.4}                                8

47.     As set forth above, the Debtor offered and signed a written Promissory Note, Security Instruments, and the 2020 Guaranty in exchange for Benson's forbearance of collection actions under the defaulted SER Credit Agreement.

48.     In those written agreements, the Debtor falsely represented that SER owned a property that he, on behalf of SER, offered as security on the Promissory Note despite having knowingly sold and signed a deed on that same property weeks earlier.

49.     Benson relied on the Promissory Note, Security Instruments, and the 2020 Guaranty when it agreed to forbear collections against SER and the Debtor under the defaulted SER Credit Agreement.

50.     Through the fraudulent Promissory Note, Security Instruments, and the 2020 Guaranty, the Debtor intentionally deceived Benson into forbearing collection actions against SER and the Debtor under the defaulted SER Credit Agreement.

51.     All of the debt owed to Benson is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by a false statement in writing within the meaning of Section 523(a)(2)(B) of the Bankruptcy Code.

## COUNT III

### NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM FOR DEBT OWED UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE

52.     Benson restates and incorporates herein each and every allegation alleged in paragraphs 1 through and including 51 as if set out in full herein.

53.     Bankruptcy Code § 523 (a)(4) provides, in relevant part, that:

(a)     A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

{S2318222.4}                                       9

(4)   for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ….

54.   As set forth above, the Debtor fraudulently induced Benson to accept the Promissory Note, Security Instruments and the 2020 Guaranty in exchange for forbearing collection actions against SER and the Debtor under the defaulted SER Credit Agreement. The Debtor took such action with the intent to deprive Benson from recovering the amounts owed to Benson under the SER Credit Agreement and the Debtor's guaranty of that debt.

55.   All of the debt owed to Benson is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Section 523(a)(4) of the Bankruptcy Code.

## COUNT IV

**NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM FOR DEBT OWED UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE**

56.   Benson restates and incorporates herein each and every allegation alleged in paragraphs 1 through and including 55 as if set out in full herein.

57.   Bankruptcy Code § 523 (a)(6) provides, in relevant part, that:

(a)   A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6)   or willful and malicious injury by the debtor to another entity or to the property of another entity …

58.   As set forth above, the Debtor fraudulently induced Benson to forbear collections on the SER Credit Agreement to Benson's financial detriment. The Debtor, on behalf of SER, intentionally provided Benson with collateral that it knew that it did not own and willfully and

maliciously caused injured Benson.

59. All of the debt owed to Benson is non-dischargeable as it is a debt for willful and malicious injury cause by the Debtor within the meaning of Section 523(a)(6) of the Bankruptcy Code.

WHEREFORE, Benson respectfully requests that this Court enter a Judgment determining the debt owed to Benson, plus attorneys' fees, costs and statutory interest, is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), and granting Benson such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

BENSON LUMBER AND HARDWARE, INC.

By its Attorneys,

Dated: March 3, 2023    /s/ Christopher M. Candon
Christopher M. Candon (BNH 07285)
Sheehan Phinney Bass & Green PA
1000 Elm Street, P.O. Box 3701
Manchester, New Hampshire 03105-3701
(603) 627-8168
ccandon@sheehan.com