# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:  CHAPTER 11

**KEITH GORMAN**  Case No. 22-10563-BAH

Debtor

## DEBTOR'S OBJECTION TO MOTION OF
## STEVEN WEISS FOR RELIEF FROM AUTOMATIC STAY [102]

The Debtor and Debtor in Possession **Keith Gorman** (the "Debtor"or the "New Hampshire Debtor") respectfully objects to the Motion for Relief from the Automatic Stay filed by the Chapter 7 Trustee and former Subchapter V Trustee of *In re Zaana-17, LLC*, Chap. 7, Case No. 20-41170-CJP filed in the U.S. Bankruptcy Court for the District of Massachusetts ("Zaana") Steven Weiss (the "Motion" and "Moving Party"):

1. In the Motion, the Trustee claims at great cost and expense to be seeking relief from the automatic stay so that he can continue his litigation with the Debtor, who is a resident of New Hampshire in this New Hampshire case.  What the Moving Party really wants to do is continue his litigation with the New Hampshire Debtor in Massachusetts in a trial against Frank Gorman, Bryan Gorman and SER as if they were one person.

2. The administrative expense claim asserted by the New Hampshire Debtor is very simple.  Zaana repeatedly disclosed to the Massachusetts Bankruptcy Court (the "Zaana Court"), creditors and other parties in interest that Keith Gorman would perform work for Zaana on the project being developed by Zaana.  The Zaana Cash Collateral Budgets approved by the Massachusetts Bankruptcy Court after notice and a hearing provided for the payment of $2,000 per week to Keith Gorman for work done on the project without regard to the quantity of work

done or the number of hours worked. The Reconciliation Reports filed by Zaana showed that the payments due Keith Gorman had been deferred. Whether the administrative expense claim asserted by Keith constitute "wages," which are defined to include any form of remuneration, or some other form of remuneration that is not wages, the fact is that the Massachusetts Court, the Debtor, the Subchapter V Trustee and the Chapter 7 Trustee all knew or are charged with knowing that Keith Gorman was entitled to be paid $2,000 per week and the number of weeks that he did not receive any money.

3. Nevertheless, the Trustee decided that there was some reason to take Keith Gorman's labor without paying him anything despite the cash collateral orders that specifically recognize the obligation to pay the New Hampshire Debtor for his labor and work. Neither the Subchapter V Trustee or Chapter 7 Trustee objected to any other application for payment of a professional fees or motion for the payment of any other administrative expense claim asserted by anyone else in the Zaana case. As noted in the Motion, the Trustee did object to the administrative expense claim asserted by the New Hampshire Debtor.

4. After the Trustee objected to the New Hampshire Debtor's administrative expense claim, the Debtor commenced this case.

> It is beyond cavil, . . . that the cause of action that was pending at the time of the Debtor's bankruptcy filing was property of the bankruptcy estate. . . . In Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865 (5th Cir. 1971), the court stated: "A cause of action' is an asset or a property right of the individual to whom it belongs. Under the Bankruptcy Act, title to a cause of action' vests in the trustee . . . ." Id. at 867 n.9 (citations omitted). The same is true under the Bankruptcy Code. Therefore, Rothwell's cause of action against Valle became property of

*Billingham v. Wynn & Wynn, P.C. (In re Rothwell)*, 159 B.R. 374, 377 (Bankr. D. Mass. 1993).

5. The very purpose of the automatic stay from which the Trustee seeks relief is "efficiently ensure[ ] that the assets remain within the exclusive jurisdiction of

the bankruptcy court pending their orderly and equitable distribution among the creditors, better enabling the debtor's "fresh start."  *See In re Jamo*, 283 F.3d 392, 398 (1st Cir. 2002) ("The automatic stay is one of the fundamental protections that the Bankruptcy Code affords to debtors").

6.The Trustee has asserted without any factual foundation that one or more of Frank Gorman, Bryan Gorman, Keith Gorman and SER subordinated their claims and that they may be equitably subordinated for some reason.  Judge Panos has ordered the Moving Party to file a complaint laying out the factual basis of his objections and subordination-equitable subordination claims against one or more of Frank Gorman, Bryan Gorman, Keith Gorman and SER.  Once he has filed the Complaint, it will become apparent that the Moving Party has no basis to subordinate or equitably subordinate the administrative expense claim against Keith Gorman.

7.Under the circumstances, this Court should deny the Motion or defer ruling on the Motion until the Moving Party has filed the Complaint that articulates the objections to and basis for the subordination-equitable subordination of the administrative expense claims made by each of SER, Frank Gorman, Bryan Gorman and Keith Gorman so that this Court can determine whether they all may be made in a single proceeding and whether they arise from a common nucleus of operative fact as opposed to "intertwined facts."

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  April 25, 2023 | /s/ William S. Gannon |
|  | William S. Gannon, BNH 01222 (NH) |
|  | Counsel for |
|  | **KEITH GORMAN** |
|  | WILLIAM S. GANNON PLLC |

w:\clients\gorman-kei\bankruptcy\drafts\00108327.docx

          740 Chestnut Street
          Manchester NH  03104
          PH: 603-621-0833
          bgannon@gannonlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I served the foregoing limited objection on all persons and entities named on the CM/ECF Electronic Service List by causing it to be filed electronically via the CM/ECF filing system.

DATED:  April 25, 2023            /s/ Jeanne Arquette-Koehler
                                                        Jeanne Arquette-Koehler