UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                             CHAPTER 11

**KEITH GORMAN**                                          Case No. 22-10563-BAH

    Debtor

ORDER ON
DEBTOR'S AND PROVENCHERS' JOINT MOTION FOR ORDER
APPROVING COMPROMISE AND SETTLEMENT
WITH FRANCIS AND PATRICIA PROVENCHER
<u>PURSUANT TO BANKRUPTCY RULES 9019 AND 4008</u>

Upon consideration of the Debtor's and Provenchers' Joint Motion for Order Approving Compromise and Settlement With Francis and Patricia Provencher Pursuant To Bankruptcy Rules 9019 and 4008 (the "Motion") and after due and appropriate notice of the Motion, good cause for the approval thereof being established, the Court finding that the terms and conditions of the proposed settlement fall within the range of reasonably expectable results, are fair and reasonable and in the best interest of all creditors and the estate, and the Court finding that the settlement set forth in the Motion and this Order reflect a valid and reasonable exercise of the Debtor's business judgement and satisfy the requirements of FRBP 9019 and 4008, it is hereby ORDERED, ADJUDGED AND DECREED that:

    **1.**    Except as otherwise defined herein, all capitalized words, terms and phrases defined in the Motion shall have, and be given the same meaning when used herein.

    **2.**    The Motion shall be, and hereby is, granted.

    **3.**    The agreement attached as Exhibit A to this Order (the "Agreement") is approved.

    **4.**    The Settling Parties are authorized, allowed, and directed to do or cause to be done, execute or cause to be executed and take or cause to be taken all such further acts,

documents and/or actions as may be necessary or appropriate for the consummation of the Agreement.

    **5.** This Order shall survive the conversion of this Case to a proceeding under any other Chapter of the Bankruptcy Code, including Chapters 7 or 13 thereof or the dismissal of this Case and any future events in the Bankruptcy Court.  This Order shall be binding on the Subchapter V Trustee, any trustee appointed in this Case if converted to a proceeding under any other Chapter of the Bankruptcy Code and any successor trustee.

    **6.** This Order shall become effective immediately.

Dated:    August 16, 2023                    /s/ Bruce A. Harwood
                                                                             Bruce A. Harwood
                                                                             Chief Bankruptcy Judge

**EXHIBIT A**

AGREEMENT

This Agreement is made this 21st day of July, 2023, by and between Francis and Patricia Provencher, with an address at 164 Clement Road, Pelham, NH 03076, and a mailing address at P.O. Box 875, Pelham, NH 03076 (the "Provenchers" or "Lender") and Keith Gorman, an unmarried individual with an address at 167 Clement Road, Pelham, NH, 03076, being the debtor and debtor-in-possession in In Re Gorman, Bk. No. 22-10563-BAH in the United States Bankruptcy Court for the District of New Hampshire ("Keith" or "Borrower" and "Keith's bankruptcy Case")

WITNESSETH

That for good and valuable consideration, the receipt and sufficiency of which is acknowledged, and, contingent on bankruptcy court approval (as hereinafter defined), the parties hereto agree as follows:

1. RECITALS: Each of the following recitals are intended to be and be understood as stipulations as to the facts stated therein which stipulations are material to this Agreement.

    1.1. By instrument dated May 19, 2020, Keith and Frank J. Gorman, Sr. and Bryan P. Gorman (the "Other Guarantors") unconditionally and absolutely guaranteed (the "Guarantee") payment and performance by Southern End Realty, LLC, ("SER") of the note made by it to Provenchers in the original principal amount of $400,000.00 dated May 19, 2020. (the "Note").

    1.2. The Note is valid binding and enforceable in accordance with its terms.

    1.3. Each of Keith and Frank are debtors under the Code in cases presently pending in the United States Bankruptcy Court for the District of Massachusetts.

    1.4. Keith's obligations under the Guaranty ("Keith's Guarantee") are secured by a Mortgage dated May 19, 2020, recorded on his home at 167 Clement Road, Pelham, Hillsborough County, New Hampshire which mortgage is recorded at Book 9303, Page 1217 in the Hillsborough County Registry of Deeds (the "Mortgage").

    1.5. The Mortgage is junior in priority only to a mortgage held by Nationstar Mortgage LLC as evidenced by the Proof of Claim filed in Keith's Bankruptcy Case as claim number 12. (the "Nationstar Mortgage") and the lien for unpaid real estate taxes held by the Town of Pelham, New Hampshire, if any.

    1.6. The amount due under the Note as of July, 1, 2023, is $490,067.33 (which amount includes all theretofore accrued interest, costs, and attorney's fees and other charges).

2. AGREEMENT:

    2.1. Except for Keith's obligations hereunder, Keith shall have no further obligations under the Guarantee following the execution and delivery of this Agreement and the satisfaction of the contingencies set forth herein. This Agreement compromises and

restates Keith's Guarantee which survives as amended hereby and continues to be secured by the Mortgage. All breaches and defaults by Keith under the Guaranty and/or Mortgage shall be cured and be deemed to have been cured by the execution and delivery of this Agreement.

2.2. The parties agree that Keith's Guarantee, the Provencher Claim arising therefrom and all other disputes shall be compromised, resolved and settled as follows:

2.3. Keith's Guarantee shall be satisfied in full and released if payment in full, as provided in this Agreement, is received by Provenchers from or through Keith, SER, Frank Gorman or Bryan Gorman or their bankruptcy estates or any other source. For the purposes of this Agreement, payment from or through SER, Frank Gorman or Bryan Gorman or their bankruptcy estates or any other source shall be applied to the principal obligations of Keith under this Agreement.

2.4. Keith shall pay his obligations under Keith's Guaranty as follows:

2.4.1. Keith shall pay or cause to be paid to the Provenchers the sum of $50,000.00 as payment on on Keith's Guarantee on or before August 31, 2023 with **time being of the essence**.

2.4.2. Keith shall pay or cause to be paid to the Provenchers the sum of $1,796.18, each month on or before the third day of each month with **time being of the essence**, or sixty-one months commencing September 3, 2023 and continuing until September 3, 2028.

2.4.3. Keith shall pay or cause to be paid to Provenchers the remaining balance due under the Note, calculated as provided in this Agreement, on or before September 3, 2028.

2.4.4. All payments received by Provenchers from Keith with respect to the Note shall be applied first to attorney's fees and other costs of collection, then to any late charges or similar charges, then to interest, and finally to principal, in each case calculated as hereafter provided.

2.5. For the purposes of this Agreement, the amounts due under the Note shall be calculated as follows:

2.5.1. Notwithstanding the existing default under the Note and the Provencher's entitlement to default interest thereunder, for the purposes of this Agreement, and so long as there shall be not default hereunder, the Note Interest Rate shall be 3.5% per annum until the obligations hereunder are paid in full.

2.5.2. There shall be no prepayment penalty.

2.5.3. The principal balance on which interest shall accrue shall be the full balance of all sums due as of July 1, 2023.

2

2.5.4. There shall be added to the principal balance any costs of collection, other costs or reasonable attorney's fees incurred by Provenchers from July 1, 2023, to the date that this Agreement shall be approved by final order of the Bankruptcy Court; provided however that if the $50,000.00 payment shall be made on or before August 31, 2023 (time being of the essence) the total amount due under the Note, as amended, as of the date of Court approval of this Agreement shall be no more than $495,000.00.

2.5.5. In case any amount due hereunder shall not be paid in full whenever it shall become due, Keith shall pay all reasonable costs and expenses of collection, including court costs and reasonable attorney's fees.

2.5.6. If any default shall arise hereunder following the effective date of this Agreement, then the interest shall thereafter accrue at a default interest rate of five per cent per annum (5%).

2.6. Upon payment in full of all amounts due under this Agreement, Provenchers shall discharge and release the Mortgage and shall be deemed to have released Keith under the Guarantee.

2.7. DEFAULT: All amounts due from Keith to Provenchers hereunder shall become due and payable in full, including the entire balance of principal and interest (including default interest), then accrued and unpaid hereunder, prior to maturity at the option of the Provenchers upon any one or more of the following events, the occurrence of any of which shall be a default:

2.7.1. Failure to make any payment hereunder when due and the continuance of such failure for a period of ten (10) days after written notice;

2.7.2. The failure to pay or perform any other obligation hereunder that adversely and materially affects the value of the collateral as security for the payment of Keith's Guaranty as and when due and the continuance of such failure for a period of twenty (20) days after written notice;

2.7.3. The failure of Keith to provide a copy of each payment to Nationstar as and when made, and the continuance of such failure for a period of twenty (20) days after the mailing of written notice of such failure; or

2.7.4. The commencement of any foreclosure sale by the holder of the Nationstar Mortgage, which shall not be canceled or stayed.

2.8. CONTINUANCE OF ADEQUATE PROTECTION CONDITIONS:

2.8.1. Keith shall timely pay his obligations to Nationstar and shall provide a copy of each payment to Provenchers as and when made.

2.8.2. Keith shall keep the property fully insured against loss by casualty. Certificates of such insurance shall be delivered to Provencher. Provencher shall be named as a loss payee on each such policy and each such policy or certificate shall

3

indicate that they may not be cancelled for nonpayment or otherwise without fifteen days written notice to Provencher.

    2.9.    The obligations of Keith hereunder shall be his fully recourse, undischarged, post-petition obligations and shall not be non-recourse obligations.

3. EXISTING MORTGAGE RAFFIRMED OR RATIFIED:

    3.1.    Except as expressly modified by this Agreement, Keith ratifies, reaffirms, and undertakes to perform each of the covenants contained the Mortgage including, without limitation, the grant with mortgage covenants, on the statutory conditions and with the statutory power of sale of the premises at 167 Clement Road, Pelham, Hillsborough County, New Hampshire. The Mortgage continues to secure Keith's obligations under the Guarantee as modified by this Agreement.

    3.2.    The Mortgage is modified to permit the grant of mortgages junior to the Mortgage as follows:

        3.2.1. To Mae Paquette or an entity controlled by her to secure the obligation of Keith to repay the sum of up to $50,000.00;

        3.2.2. To counsel to Keith to secure the repayment of its attorney's fees to the extent allowed by the Bankruptcy Court.

    3.3.    Provenchers shall cancel the existing foreclosure sale and shall not exercise their rights under the Mortgage except if the amount due hereunder is not paid in full in accordance with the terms hereof or there is a default under paragraph 2.7 of this Agreement.

    3.4.    Upon approval of this Agreement by the Bankrkuptcy Court, the Parties shall execute and Provenchers may record the Mortgage Amendment attached hereto as **Exhibit A.**

4. TRANSFEREES AND ASSIGNEES ARE BOUND: The Provenchers shall not transfer, convey or assign the Note, Mortgage or Guarantee without firmly affixing this Agreement to the Guarantee or otherwise assuring that any transferee or assignee of or from the Provenchers shall acknowledge that they are bound by this Agreement.

5. NO THIRD PARTY RIGHTS: the undertakings in this Agreement are for the benefit of the parties alone. No third party rights are hereby created. Nothing contained in this agreement shall modify, amend or affect in any fashion the obligations of Frank Gorman, Bryan Gorman or SER under the Note or the Guarantee.

6. CONTINGENT ON BANKRUPTCY COURT APPROVAL: This Agreement is contingent on the receipt of final approval by the United States Bankruptcy Court in any of the following forms:

4

6.1. In the form of a confirmed Plan which authorizes the execution of, and performance under, this Agreement by Keith; or

6.2. by an order of the United States Bankruptcy Court authorizing the reaffirmation by Keith of his obligations to the Provenchers as modified by this Agreement; or

6.3. by an order of the United States Bankruptcy Court that authorizes the settlement and resolution of the Provenchers claim in accordance with the provisions hereof pursuant to Bankruptcy Rule 9019; or

6.4. By any other order of the Bankruptcy Court granting Keith authority to enter into, and perform under, this Agreement.

6.5. Provided, that in the case of orders of the Bankruptcy Court described in sections 6.3 or 6.4 each such order shall provide that the provisions of such order and the binding nature of this Agreement shall survive conversion or dismissal of Keith's Bankruptcy Case. The Parties intend that as between them, as long as the $50,000.00 payment shall be made as provided herein, this Agreement shall survive any future events in the Bankruptcy Court.

7. SUPPORT: With respect to the satisfaction of the contingency set forth in paragraph 6, the Provenchers shall absolutely, irrevocably and unconditionally support any plan of reorganization, motion or other pleading filed by Keith to satisfy the contingency. Without limiting the preceding sentence, the Provenchers shall (a) accept and vote in favor of any Plan and (b) join in any such motion or other pleading and cooperate fully with Keith in obtaining approval thereof, including appearing at any hearing thereo.

8. MISCELLANEOUS MATTERS:

    8.1. This agreement shall be governed by federal bankruptcy law and the internal substantive law of the State of New Hampshire to the jurisdiction of whose courts the parties consent.

    8.2. This is the entire agreement between the parties with respect to the subject matter hereof. There are no other or further agreements between the parties except the Note, the Mortgage and the Guarantee each of which survive as modified by this Agreement.

    8.3. This Agreement may not be modified except by a writing signed (electronically or otherwise) by the parties.

IN WITNESS WHEREOF the parties have hereunto set their hands this ____ day of August, 2023.

Date:                                                           _____
                                                                Francis Provencher

5

Date:                          *Patricia Provencher*
                                         Patricia Provencher

Date: **7/26/23**                 *Keith Gorman*
                                         Keith Gorman

## EXHIBIT A

### AMENDMENT TO MORTGAGE

NOW COME, Keith M. Gorman, ("Mortgagor") an unmarried man of 167 Clement Road, Pelham, NH 03076, Debtor and Debtor-in-Possession, in the case of *In Re: Keith Gorman*, Bk. No. 22-10563-BAH, pending in the United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court" and Francis and Patricia Provencher, husband and wife of 164 Clement Road, Pelham, NH 03076, being all of the parties to and (with respect to the Provenchers) the holders of the Mortgage dated May 19, 2020, recorded on June 5, 2020, in the Hillsborough County Registry of Deeds at Book 9303, Page 1217, mortgaging the property located at 167 Clement Road, Pelham New Hampshire, and, pursuant to the order of the Bankruptcy Court dated _____, at Docket Entry No. _____, (the "Bankruptcy Court Order") note for the record the amendment to the obligations of Mortgagor under the Guarantee secured by the Mortgage to reflect the accrued charges thereon and the agreed repayment thereof all pursuant to an Agreement dated July ___, 2023. The Agreement was approved and authorized by the Bankruptcy Court Order.

Except as expressly noted herein. the Mortgage remains in full force and effect, including, without limitation with the statuory conditions, the statutory power of sale and the grant of the statutory power of sale all to secure the Guaranty as so amended.

IN WITNESS WHEREOF the parties have hereunto set their hands this 21 day of July 23 2023.

Date: 7/21/2023

_____
Francis Provencher

Date: 7/21/2023

_____
Patricia Provencher

Date: 7/26/23

_____
Keith Gorman

7

STATE OF NEW HAMPSHIRE
COUNTY OF _____

Before me the undersigned officer personally appeared Keith Gorman, known to me or satisfactorily proven, who acknowledged that he executed this instrument as his free act and deed this \_\_\_ day of _____, 2023.

                                                       _____

Justice of the peace /notary public

My commission expires:

Printed name: _____

Seal

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF _____

Before me the undersigned officer personally appeared Francis Provencher, known to me or satisfactorily proven, who acknowledged that he executed this instrument as his free act and deed this \_\_\_ day of _____, 2023.

_____     _____

Justice of the peace /notary public

My commission expires:

Printed name: _____

Seal

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF _____

Before me the undersigned officer personally appeared Patricia Provencher, known to me or satisfactorily proven, who acknowledged that he executed this instrument as his free act and deed this \_\_\_ day of _____, 2023.

_____

Justice of the peace /notary public

My commission expires:

8

Printed name: _____

Seal

9